Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| DR. JESSY ROSA RIVERA, LUCRISTI LLC<br><br>Apelante<br><br>v.<br><br>CARLOS IVÁN MUÑIZ TORRES<br><br>Apelado | KLAN202300861 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: BY2023CV02516<br><br>Sobre: Difamación, Libelo, Calumnia, y Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

Comparece la parte apelante, Jessy Rosa Rivera y Lucristi LLC, y nos solicita que revoquemos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 25 de agosto de 2023. Mediante el referido dictamen, el foro primario declaró Ha Lugar la solicitud de desestimación instada por el apelado, Carlos Iván Muñiz Torres. En consecuencia, desestimó, con perjuicio, la causa de acción en contra de este.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado. Veamos.

I

El 10 de mayo de 2023, Jessy Rosa Rivera (Rosa Rivera) y Lucristi LLC (apelantes), incoaron una *Demanda* sobre difamación, libelo, calumnia y daños y perjuicios en contra de Carlos Iván Muñiz Torres (Muñiz Torres o apelado).[1] Específicamente, esbozaron las alegaciones reproducidas a continuación:

[…]

---

[1] Apéndice del recurso, págs. 44-47.

Número Identificador

SEN2023 _____

5. Que la parte demandada[,] quien es un contratista del Municipio de Vega Alta[,] ha estado haciendo serios ataques a la [h]onra y [r]eputación del [d]emandante y la [c]orporación Lucristi LLC que[,] además[,] les ha causado graves daños y perjuicios que reclamamos en esta demanda.

6. La Constitución de Puerto Rico establece que la [d]ignidad del [s]er [h]umano es [i]nviolable y[,] aunque la Constitución es usualmente oponible al Estado[,] hay ocasiones en las que también es oponible a [c]iudadanos particulares.

6. *[sic]* Mediante la [p]lataforma [d]igital Facebook[,] el demandado ha lanzado una campaña de descrédito contra el demandante y la [c]orporación Lucristi LLC que es falsa y el demandado tiene pleno conocimiento de que es falsa, producto de su mente torcida que solo pretende hacer daño al demandante y sus negocios[,] así como a la corporación con toda la intención de hacer daño a sabiendas que lo que dice es falso.

7. El demandado ha hecho publicaciones en la red social de Facebook en la que utiliza el logo exclusivo de la [c]orporación Lucristi LLC. La [c]orporación no ha conferido autorización al demandado para utilizar su nombre ni su logo y este las usa con la única intención de mancillar la reputación de los demandantes.

8. El demandado ha hecho expresiones difamatorias y libelosas de la corporación y su presidente que atentan contra los intereses económicos de estos y lo hace con pleno conocimiento [de] que lo que dice es falso.

9. Incluso[,] aseveró el 1 de marzo que le iba a cerrar los negocios al demandante, demostrando así su intención de causar daño con un fin específico y con pleno conocimiento de que sus acciones van dirigidas a causar daño.

10. Entre las cosas que asevera[,] dice el demandado que: te fuiste a otro municipio a coger la gente de pensuaca con tus productos sin licencia tienen, llegan aquí de Amazon sin etiqueta y se la cambia se ll tuyo.. *[sic]* yo espero que una persona no muera con eso productos sin licencia, sin patente, sin autorización.

11. Luego de proferir estas mentiras el demandado dijo: y paga la renta del local que est[á] atrasa[da] de nuevo[.] [T]odo esto con pleno conocimiento de que lo que dice es falso y lo dice para perjudicar los negocios de los demandantes.

12. Previamente[,] utilizando una foto aérea del local donde ubica la [c]orporación[,] dijo: Brenda[,] te pregunto[,] [¿]te pagaron los 3 meses de atraso que tienen en el local de atrás del salón[?] En abierta referencia al local que ocupa la [c]orporación y con la única inten[c]ión de dar a entender que se tiene deuda de arrendamiento[,] lo que es falso y el demandado lo sabe y[,] aun as[í][,] insiste en su deseo de difamar a los demandantes.

13. Con relación al uso del logo de la [c]orporación sin autorización[,] el demandado[,] de manera libelosa, difamatoria e infame[,] publicó el 3 de febrero en su red social de Facebook una foto montada en la que compara un

producto[,] al que llama original[,] con un producto de la [c]orporación[,] adjudicándole una marca privada llamada Great Value en la parte de arriba del montaje[,] pero usando el logo de la [c]orporación justo al lado del producto, a sabiendas que el nombre es Dr. Jessy[,] aunque el nombre aparece difuminado. Esto[,] con la idea de ridiculizar y menospreciar los productos de la [c]orporación y crear una impresión falsa de los productos Dr. Jessy[,] que son propiedad de la [c]orporación y de los que no se le ha dado autorización al demandado para utilizar ni el nombre ni la marca.

14. El demandado[,] el 1 de marzo de 2023[,] publicó en su red social de Facebook una foto con una referencia a los informes de la [c]orporación donde les escribió[:] "TE FALTA MAYO 2022 Y YA PRONTO MAYO 2023["], dando a entender que la corporación no paga sus informes al Departamento de Estado[,] lo que es falso y el demandado lo sabe y[,] a[ú]n así[,] insiste en su intención de difamar a los demandantes[,] creando falsas impresiones sobre estos para perjudicarles en sus negocios y con la sola idea de dañar el buen nombre del Dr. Jes[s]y Rosa y la [c]orporación Lucristi LLC en la comunidad.

15. Todas las acciones[,] tanto en conjunto como por separado[,] tienen la intención de difamar el buen nombre del Dr. Jessy Rosa Rivera y de la [c]orporación Lucristi LLC y los productos que esta mercadea, para que este obtenga el odio y rechazo de su clientela y la ciudadanía en general. Es un mensaje lleno de odio y falsedades que solo buscan destruir la imagen intachable del Dr. Rosa en la comunidad y afectar sus negocios de manera negligente y con toda la intención de hacer daño con pleno conocimiento [de] que lo que dice es falso.

[...]

En virtud de ello, la parte apelante solicitó lo siguiente: (1) una retribución económica, no menor de $500,000.00, por concepto de graves daños y perjuicios a la reputación de Rosa Rivera; (2) la suma de $500,000.00 por concepto de daños y perjuicios a Lucristi, LLC; (3) la cantidad de $500,000.00 por concepto de daños y angustias mentales a Rosa Rivera; (4) el pago de costas, gastos y honorarios de abogado, por una suma no menor del 33% de las cantidades concedidas.

Luego de varios trámites procesales, el 31 de julio de 2023, Muñiz Torres instó una *Moción de Desestimación*, al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).[2] En lo pertinente, argumentó que la *Demanda* no exponía una reclamación que justificara la

---

[2] Apéndice del recurso, págs. 17-26. Junto a su moción, Muñiz Torres incluyó una copia del *Derecho Anual 2021* de la corporación Lucristi LLC, expedida por el Departamento de Estado.

concesión de un remedio, aun tomando como ciertas todas las alegaciones de la parte apelante. Según adujo, la acción de epígrafe estaba plagada de inexactitudes, especulaciones, ambigüedades y meras conclusiones basadas en ideas, percepciones o alegadas intenciones, sin el más mínimo detalle de tiempo, lugar, espacio y hechos fácticos que hicieran de estas reclamaciones un verdadero caso o controversia que requiriera poner en marcha la maquinaria judicial. Sobre ese particular, planteó que la parte apelante no especificó los alegados daños causados, limitándose a utilizar generalidades que no justificaban, ni remotamente, los reclamos de la presunta retribución económica, daños y perjuicios, así como daños y angustias mentales por la exorbitante cantidad de $1,500,000.00. Añadió, además, que ninguno de los hechos relatados en el presente pleito estaban conectados a daños específicos presuntamente sufridos por la parte apelante, toda vez que se trataba de meras alegaciones hipotéticas que solo contenían conclusiones generales basadas en hechos remotos inconexos con daños reales y concretos. Por ello, solicitó que se desestimara, con perjuicio, la *Demanda*, que se encontrara a la parte apelante incursa en temeridad y se le impusiera el pago de honorarios de abogado a su favor, por una cantidad de $3,000.00.

En respuesta, el 24 de agosto de 2023, la parte apelante se opuso.[3] En esencia, indicó que Muñiz Torres se limitó a solicitar la desestimación, pero nunca contestó la *Demanda*, por lo cual procedía la anotación de rebeldía y que se continuara con los procedimientos. Por otro lado, arguyó que el apelado pretendía engañar al tribunal mediante documentos que alteró y que no eran los publicados por este en su red social de Facebook. Planteó que las expresiones falsas emitidas por Muñiz Torres iban dirigidas a crear odio hacia esta en el público, con el único fin de hacerle daño y cerrar así los negocios. Alegó que la mera publicación –una sola vez– era suficiente para crear un ambiente hostil hacia esta y sus negocios. Por

---

[3] Apéndice del recurso, págs. 9-10.

tanto, sostuvo que, según nuestro ordenamiento jurídico, el caso se tenía que ver en sus méritos.

Evaluadas las posturas de las partes, el 25 de agosto de 2023, el Tribunal de Primera Instancia emitió y notificó la *Sentencia* que nos ocupa.[4] Mediante el referido dictamen, el foro primario declaró Ha Lugar la solicitud de desestimación promovida por Muñiz Torres. En su consecuencia, desestimó, con perjuicio, la causa de acción de epígrafe contra la parte apelada.

Inconforme, el 25 de septiembre de 2023, la parte apelante presentó el recurso de epígrafe y le imputó al foro primario la comisión del siguiente error:

> Err[ó] el Honorable Tribunal al desestimar la Demanda al entender que no hab[í]an alegaciones que justificaran un remedio cuando hay alegaciones[,] no solo de difamaci[ó]n[,] sino tambi[é]n del uso del nombre y logo de la corporaci[ó]n sin permiso y sin permitir el descubrimiento de prueba.

En cumplimiento con nuestra *Resolución* emitida el 26 de septiembre de 2023, la parte apelada compareció, en lo pertinente, mediante *Alegato en Oposición a Escrito de Apelación* el 26 de octubre de 2023.

Con el beneficio de la comparecencia de las partes, nos disponemos a resolver el recurso que nos ocupa.

## II

## A

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.LG. Negrón*, 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). No obstante, nuestro ordenamiento permite la presentación

---

[4] Apéndice del recurso, págs. 1-3.

de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R.10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022); *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1065-1066 (2020).

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Eagle Security v. Efrón Dorado et al.,* 2023 TSPR 5, 211 DPR ___ (2023); *Casillas Carrasquillo v. ELA,* 209 DPR 240 (2022); *Cruz Pérez v. Roldán Rodríguez et al.,* 206 DPR 261, 267 (2021). Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante. *Íd.; Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* supra, págs. 428-429; *Dorante v. Wrangler of P.R.,* 145 DPR 408,

414 (1998). En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429. En otras palabras, se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).

**B**

Sabido es que el propósito de las alegaciones es notificarle de forma general a la parte demandada cuáles son las reclamaciones en su contra para que pueda comparecer a defenderse si así lo desea. *Eagle Security v. Efrón Dorado et al.*, 2023 TSPR 5, 211 DPR ___ (2023). A tenor con ello, al analizar una solicitud de desestimación, los tribunales deben tener presente que la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, solo exige que las alegaciones contengan una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio. *Íd.*

Ahora bien, en el ámbito federal, el Tribunal Supremo de los Estados Unidos tuvo ocasión de interpretar la contraparte federal de nuestra Regla 6.1, la Regla 8(a) de Procedimiento Civil Federal, al resolver *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), y *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Por medio de los citados casos, el Alto Foro federal incorporó la plausibilidad como criterio de desestimación. Dicho parámetro exhorta a los tribunales de instancia a eliminar de la demanda aquellas alegaciones conclusorias que no deben presumirse como ciertas. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., Ed. Lexis

Nexis, 2017, sec. 2604, pág. 307. De esta manera, el foro sentenciador estará en posición de auscultar si las alegaciones bien fundamentadas establecen una reclamación plausible, "que justifique que el demandante tiene derecho a un remedio, guiado en su análisis por la experiencia y el sentido común". *Íd*. Incumplido el criterio de plausibilidad, procede desestimar la demanda e impedir que la causa de acción prosiga bajo el supuesto de que en el descubrimiento de prueba se probarán las alegaciones conclusorias. *Íd*. Ello "persigue una mayor precisión en los hechos bien alegados para lograr una mejor definición de la controversia trabada en las alegaciones".

### C

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *Íd.*, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689 (2012). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Por *discreción* se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". *García v. Asociación*, 165 DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). No obstante, "el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.* A esos efectos, el Tribunal Supremo de Puerto Rico ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002), citando a *Pueblo v. Ortega Santiago*, supra, págs. 211-212.

Así, pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. *Rivera et al. v. Arcos Dorados et al.*, supra.

A la luz de la normativa antes expuesta, procedemos a disponer de la controversia ante nuestra consideración.

### III

Como único señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia erró al declarar Ha Lugar la solicitud de desestimación del apelado, bajo el fundamento de que no hay alegaciones que justifiquen la concesión de un remedio; ello, sin permitir el descubrimiento de prueba. Arguye que la acción de epígrafe contiene alegaciones suficientes, no solo de difamación, sino también del uso sin permiso del nombre y logo de la corporación Lucristi LLC.

En oposición, el apelado alega, en síntesis, que, al revisar las alegaciones bien hechas de la *Demanda*, la parte apelante no tiene derecho a la concesión de un remedio. Sostiene que la acción de epígrafe se basa en alegaciones especulativas, no plausibles. Plantea que los

apelantes realizaron una exposición en extremo general de alegados actos, muchos sin detallar fechas concretas ni lugar específico, aseverando de manera concluyente y sin ambages que "pretenden hacer daño" o "con toda la intención de hacer daño", siendo estos completamente especulativos, inciertos y de ocurrencia futura.

Hemos examinado cuidadosamente el trámite procesal, los escritos de las partes, así como la normativa aplicable y concluimos que el foro *a quo* no incidió al desestimar la causa de acción en contra de la parte apelada. Nos explicamos.

Según reseñáramos, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, permite que la parte demandada presente una moción de desestimación levantando como defensa que la demanda incoada en su contra deja de exponer una reclamación que justifique la concesión de un remedio. Al resolver este tipo de moción dispositiva bajo dicho fundamento, se tomarán como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente; y que de su faz no den margen a dudas. Dichas alegaciones deben contener una relación sucinta y sencilla de los hechos y la solicitud del remedio. Ello sin perder de vista el criterio de plausibilidad, el cual exhorta a eliminar de la demanda aquellas alegaciones conclusorias que no deben presumirse como ciertas. Asimismo, tales alegaciones se interpretarán conjuntamente, liberalmente y de la forma más favorable posible para la parte demandante. La demanda no deberá desestimarse, a menos que se demuestre que la parte demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. Tampoco procede la desestimación, si la demanda es susceptible de ser enmendada.

Al evaluar las alegaciones contenidas en la *Demanda* de epígrafe, concluimos que estas no superan los criterios establecidos en las Reglas 6.1 y 10.2(5) de Procedimiento Civil, *supra*, según discutidos previamente. Luego de entender sobre las alegaciones esbozadas en la acción de epígrafe, colegimos que estas carecen de especificidad que puedan dar

base a una posible reclamación que justifique la concesión de un remedio. Conforme a lo resuelto por el Tribunal de Primera Instancia, de los hechos alegados en la acción de autos no puede inferirse que la parte apelada incurriera en conducta que pueda justificar los remedios solicitados, sino que se trata de alegaciones conclusorias y especulativas. A ello se le añade que la parte apelante, en ningún momento, solicitó enmendar su *Demanda*, aun cuando tuvo oportunidad de hacerlo, y solo se limitó a solicitar la anotación de rebeldía del apelado. En atención a lo anterior, concluimos que el foro primario no incidió al declarar Ha Lugar la solicitud de desestimación promovida por Muñiz Torres, por lo que no se cometió el error señalado.

En mérito de lo anterior y como correctamente determinó el foro apelado, procedía desestimar la causa de acción instada en contra de la parte apelada. En consecuencia, confirmamos la determinación que nos ocupa.

### IV

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Adames Soto emite Voto Disidente por escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| DR. JESSY ROSA RIVERA, LUCRISTI LLC<br>Apelante<br><br>v.<br><br>CARLOS IVÁN MUÑIZ TORRES<br>Apelado | KLAN202300861 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2023CV02516<br><br>Sobre: Difamación, Libelo, Calumnia, Daños y Perjuicios |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora

## VOTO DISIDENTE DEL JUEZ NERY E. ADAMES SOTO

a.

Ante una demanda presentada por el apelante de epígrafe contra el señor Muñiz Torres (el recurrido), por alegada difamación, libelo y calumnia, el foro primario decidió desestimarla, mediante la Sentencia apelada, invocando la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5), la cual permite tal curso decisorio cuando la causa de acción deja de exponer una reclamación que justifique un remedio. En la referida Sentencia el foro primario identificó dos argumentos, según esgrimidos por el recurrido, como justificantes de la desestimación de la demanda: (1) que en esta no se proveyeron las bases fácticas suficientes para elevar su derecho a la concesión de un remedio más allá de un nivel especulativo; (2) que no aduce hechos constitutivos, ni específicos de una causa de acción que justifique la concesión de un remedio, pues los mismos no logran articular una reclamación plausible. Mis respetados



compañeros jueces de Panel coinciden con tal apreciación, pero, respetuosamente, yo no la comparto.

b.

Por una parte, y tal como se cita en la Sentencia de este Panel, la Regla 6.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 6.1, establece que, para solicitar un remedio en un foro judicial, las alegaciones hechas en la demanda deben contener: "(1) una relación **sucinta y sencilla** de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. Podrán ser solicitados remedios alternativos o de diversa naturaleza". (Énfasis provisto). Además, la Regla 6.5 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 6.5, aclara que dichas alegaciones no deben seguir fórmulas técnicas particulares, siendo requisito únicamente que estas se redacten de manera *sencilla, concisa y directa*, y se interpretarán *con el propósito de hacer justicia*. Véase también, *Torres Torres v. Torres Serrano*, 179 DPR 481, 501 (2010).

En sintonía con lo anterior, nuestro Tribunal Supremo ha expresado que las alegaciones *tienen como objeto meramente informar a la parte contraria,* **en anchas pinceladas**, *las reclamaciones lanzadas en su contra de tal forma que pueda comparecer a defenderse si así lo desea.* (Énfasis provisto). *León v. Rest. El Tropical*, 154 DPR 249, 262 (2001). La función de las alegaciones es simplemente *bosquejar la controversia*, por lo que, al momento del emplazamiento, a través de la demanda, *solo es necesario comunicarle al demandado la naturaleza general de las alegaciones. Banco Central v. Capitol Center*, 135 DPR 760, 764 (1994). Por ello, en la demanda no hay que especificar bajo qué disposición legal se reclama, basta con que de los hechos que esquemáticamente se alegan surja una causa de acción bajo cualquier ley. *Dorante v. Wrangler of PR*, 145 DPR 408, 414 (1998).

Aprovecho el contexto del asunto bajo discusión para dejar plasmado que, a pesar de que varios Paneles de este Foro intermedio analicen las alegaciones de las demandas utilizando el mencionado criterio de *plausibilidad,* que también utilizó el foro primario en este caso, juzgo que ello no está respaldado por las Reglas de Procedimiento Civil citadas, ni por la jurisprudencia de nuestro Tribunal Supremo. Al contrario, al menos de la lectura que hago de tales reglas procesales y la jurisprudencia, noto que debería seguir imperando en nuestra jurisdicción el enfoque liberal en la interpretación de las alegaciones, que se aleja del análisis más bien constreñido que comporta utilizar el criterio de *plausibilidad* aludido.

La interpretación estrecha de las alegaciones tiene por consecuencia achicar la puerta por donde transita el acceso a la justicia.

A lo hasta aquí dicho no puede faltar añadir, claro está, que, al momento de evaluar una moción de desestimación, los jueces *vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. López García v. López García,* 200 DPR 50, 69 (2018) citando a *Rivera Sanfeliz v. Jta. Dir. FirstBank,* 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DRP 1033; *El Día, Inc. v. Mun. de Guaynabo,* 187 DRP 811, 821 (2013). Para que pueda prosperar una moción de desestimación, *tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. Rivera Sanfeliz v. Jta. Dir. FirstBank,* supra en la pág. 49.

c.

Entonces, al examinar el contenido de las alegaciones décima a la decimocuarta de la *Demanda* en este caso, según fueron citadas en la propia *Sentencia* mayoritaria, no puedo llegar a la conclusión de que, por

su sola lectura hubiese quedado demostrado de manera certera, que el peticionario *no tenga derecho a remedio alguno bajo cualquier estado de derecho.*

Según es sabido, la fuente de protección civil contra ataques difamatorios en nuestra jurisdicción es el Artículo 1536 del Código Civil de 2020, 31 LPRA sec. 10801. *Colón Pérez v. Televicentro de Puerto Rico,* 175 DPR 690, 726 (2009).[1] En vista de lo cual, la persona que reclame haber sido lesionada en su honor debe establecer que el demandado publicó una expresión falsa y difamatoria, por la cual sufrió daños, y que la conducta del demandado violó el estándar legal de conducta aplicable a las circunstancias particulares del caso, que, según las partes en este caso, juzgo que probablemente sería negligencia. *Íd.*

En las alegaciones cuya enumeración mencioné se reclamó la publicación en Facebook de cierta información, tildada de falsa, que imputa que el demandante trafica con productos sin licencia, mantiene rentas del local atrasadas, engaña utilizando la marca de un producto que no es original con el propósito de afectar el producto que vende el demandante, y la corporación no radica de manera oportuna sus informes en el Departamento de Estado. Tales manifestaciones, plasmadas públicamente en un medio social, de ser falsas, podrían causar daños a una parte, si se demuestra que fueron negligentes, y no pueden tildarse de meramente especulativas. Por lo mismo, tampoco podemos desechar, al menos en esta tempranísima etapa del proceso, posibles daños, de verificarse la conducta aducida, si se prueba el efecto, si alguno, de las expresiones alegadas. Y es por esto que, juzgo, el TPI debió permitir que continuaran los procesos, sin dar paso a la solicitud de desestimación.



De fondo, sin duda, prevalece también en mi conciencia judicial el reiterado llamado a que solo desestimamos una causa de acción como

---

[1] En esta Opinión se alude al Artículo 1802 del derogado Código Civil. No obstante, por cuanto los hechos de este caso presuntamente acontecieron durante el 2023, resulta de aplicación del Código Civil de 2020.

última alternativa, por lo que, por ejemplo, en este caso el TPI bien podía concederle *motu proprio* la oportunidad al demandante de enmendar la demanda, si la entendía insuficiente.

En definitiva, con respeto, no comparto el curso decisorio de mis compañeros de Panel, y por ello disiento.

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

Nery Enoc Adames Soto
Juez de Apelaciones